ON PETITION FOR REHEARING
MANN, Judge.
Appellant asserts in his petition for rehearing that this Court has overlooked the disclaimer of interest filed by the Trustees of the Internal Improvement Fund as showing appellant’s property line to be 41 feet from the seawall as shown on the plat of Harbor Isles. We have not overlooked this fact, and agree that as between appellant and the Trustees appellant might be entitled to a finding by the trial court pursuant to FRCP 1.510(d), 31 F.S.A. that there is no dispute as to the lot line. But the appellant did not make the Trustees a party to the appeal, and the determination that the line is as he claims is not disposi-tive of the issues between appellant and the City. There is no absolute right to obtain a permit, either temporary or permanent, from the City of Port Richey, even if the dock were to be constructed entirely within appellant’s property, which he doesn’t claim. Ordinance 135 ambiguously refers, both in Section 2(a) and Section 4 to “property line” and intrusion “into the waterway.” We do not find that the interpretation of this language is before us on this record, at this stage of the case. If the appellant had made the Trustees a party appellee we would have been inclined to hold that as to them appellant was entitled, under Rule 1.510(d), to a partial summary decree fixing the lot boundary as claimed, but the notice of appeal was not served on the Attorney General. There remain issues to be tried, and the matter may now proceed toward their resolution pursuant to the applicable rules of procedure. The petition for rehearing is denied. See 6 Moore’s Federal Practice Par. 56.20; 31 F.S.A. Rule 1.510, Author’s Comment.
LILES, C. J., and ALLEN, J., concur.